EVE H. WAGNER (State Bar No. 126471)
ANTHONY D. SBARDELLATI (State Bar No. 246431)
SAUER & WAGNER LLP
1801 Century Park East, Suite 1150
Los Angeles, California 90067
Tel: (310) 712-8100; Fax: (310) 712-8108
E-mail: ewagner@swattys.com; asbardellati@swattys.com

JEREMY FEIGELSON (*of counsel*)
BRUCE P. KELLER (*of counsel*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000; Fax: (212) 909-6836
Email:  jfeigelson@debevoise.com; bpkeller@debevoise.com

Attorneys for Defendant Prometheus Global Media, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV11-7560-VBF (MRW)<br><br>Hon. Valerie Baker Fairbank<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Prometheus Global Media, LLC ("Prometheus"), by and through its undersigned counsel, answers the complaint of Plaintiff Penske Media Corporation ("PMC") as follows:

**Preliminary Statement**

Prometheus publishes The Hollywood Reporter ("THR"), which consistently beats PMC's blog, called deadline.com, in the marketplace. Unable to compete on

SAUER & WAGNER LLP
1801 CENTURY PARK EAST, SUITE 1150
LOS ANGELES, CA 90067

the quality of its editorial content, or by any other objective marketplace measure, PMC has responded with this lawsuit.  The majority of the allegations in the Complaint, as multiple observers of this case have noted, are not even tied to any cause of action.  The sole cause of action, that THR allegedly infringed PMC's copyright in tvline.com's website computer code, relates to a widely-used webpage function called a "carousel" that causes images to rotate at the top of a webpage.  PMC put on tvline.com a version of a carousel based upon "open source" code, available to anyone on the Internet for free.  A third-party contractor, not Prometheus, then made a good-faith error that resulted in a small portion of PMC's carousel code briefly appearing on hollywoodreporter.com.  Prometheus immediately removed the code from hollywoodreporter.com as soon as this matter came to its attention – as it would have done even sooner if PMC had contacted it before suing.  PMC did not make that contact because its interest here is publicity and not legal relief.

     The allegations in the Complaint that bear no relation to the sole cause of action are both immaterial and false.  THR is committed to ethical journalism and ethical competition.  It is a leading entertainment industry news source, far outpacing PMC's blog, deadline.com, in the number of unique website visitors and other metrics.  THR has grown to its position of dominance through the proper and lawful development of the best staff in the industry.  THR's strategy is to win readers by offering a better product – not by stealing stories, employees or anything else belonging to PMC.  This strategy has been enormously successful, which is one of the reasons PMC, whose website traffic is at a twelve-month low, was desperate to file this lawsuit about which it could then pretend to "report."  This is the most recent in PMC's long string of efforts to spread malicious information about Prometheus and to drum up attention from a marketplace that has steadily been losing interest in deadline.com.

///

This case should be dismissed. PMC has a dubious copyright interest at best in the carousel code; a carousel is a standard Internet function in which PMC has no proprietary interest, and PMC's version of the carousel was built on an open-source platform – that is, using third-party code available for free to anyone on the Internet. PMC suffered no harm from the brief period that a version of the carousel code was utilized on THR's website.

## Answer to Allegations of the Complaint

1. Paragraph 1 of the Complaint consists of generalities and irrelevancies to which no responsive pleading is required. To the extent any responsive pleading is required, Prometheus denies.

2. Paragraph 2 of the Complaint consists of generalities and irrelevancies to which no responsive pleading is required. To the extent any responsive pleading is required, Prometheus denies.

3. Answering Paragraph 3 of the Complaint, Prometheus denies. In addition, Prometheus avers that the allegations in this paragraph are unrelated to the cause of action that PMC has attempted to plead.

4. Answering Paragraph 4 of the Complaint, Prometheus denies. In addition, Prometheus avers that the allegations in this paragraph are unrelated to the cause of action that PMC has attempted to plead.

5. Answering Paragraph 5 of the Complaint, Prometheus denies. In addition, Prometheus avers that the allegations in this paragraph are unrelated to the cause of action that PMC has attempted to plead.

6. Answering Paragraph 6 of the Complaint, Prometheus denies. In addition, Prometheus avers that the allegations in this paragraph are unrelated to the cause of action that PMC has attempted to plead.

///
///

7. Answering Paragraph 7 of the Complaint, Prometheus denies. In addition, Prometheus avers that the majority of the allegations in this paragraph are unrelated to the cause of action that PMC has attempted to plead.

8. Answering Paragraph 8 of the Complaint, Prometheus denies, except admits that due to a good-faith error by a contractor working on behalf of THR, who mistakenly used code from tvline.com, certain code from the tvline.com website was briefly utilized in THR's website. In particular, Prometheus denies that any editorial or substantive content of PMC, as opposed to a portion of the source code related to the generic function of causing images to rotate on a webpage, was copied by the contractor or appeared on THR's website.

9. Answering Paragraph 9 of the Complaint, Prometheus denies. In particular, Prometheus denies that PMC has suffered any harm from the conduct alleged.

10. Answering Paragraph 10 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies.

11. Answering Paragraph 11 of the Complaint, Prometheus denies, except admits that Prometheus Global Media, LLC was and is a limited liability company organized in Delaware with offices in New York City; that Prometheus owns and operates THR; and that THR has offices in Los Angeles, California.

12. Answering Paragraph 12 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies.

13. Answering Paragraph 13 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies. In particular, Prometheus denies that it was part of a "conspiracy" or engaged in any wrongful conduct.

14. Answering Paragraph 14 of the Complaint, Prometheus denies, except admits that PMC purports to assert claims for copyright infringement under the Copyright Act, and admits that this Court has original jurisdiction over claims brought under the Copyright Act.

15. Answering Paragraph 15 of the Complaint, Prometheus denies that the matter in controversy exceeds the standard for diversity jurisdiction, and avers that PMC's allegation in this regard is irrelevant because PMC does not attempt to plead any claims under state law, making diversity jurisdiction irrelevant.

16. Answering Paragraph 16 of the Complaint, Prometheus denies, except admits that this Court has personal jurisdiction over Prometheus.

17. Answering Paragraph 17 of the Complaint, Prometheus denies, except admits that venue is proper in this Court.

18. Answering Paragraph 18 of the Complaint, Prometheus denies, and in particular denies that PMC is a "leading" company in digital media or in news coverage of the entertainment industry.

19. Answering Paragraph 19 of the Complaint, Prometheus denies, and in particular denies that deadline.com is considered a "must read" source in the entertainment and media industries.

20. Answering Paragraph 20 of the Complaint, Prometheus denies, and in particular denies that deadline.com outranks THR in online traffic.

21. Answering Paragraph 21 of the Complaint, Prometheus denies, except admits that it owns and operates THR's websites.

22-23. Answering Paragraphs 22-23 of the Complaint, Prometheus denies, except admits that THR formerly was primarily a trade magazine.

24. Answering Paragraph 24 of the Complaint, Prometheus denies, and in particular denies that PMC has any "dominance" in entertainment news, or that THR has engaged in any unlawful conduct.

///

ANSWER TO COMPLAINT

25. Answering Paragraph 25 of the Complaint, Prometheus denies.

26. Answering Paragraph 26 of the Complaint, Prometheus denies.

27-33. The allegations contained in these paragraphs are not related to any cause of action in the Complaint and accordingly should be stricken as immaterial pursuant to Fed. R. Civ. P. 12(f). If PMC believed in the truth or the relevance of these allegations, it would have attempted to plead claims based upon them. To the extent any responsive pleading is required, Prometheus denies, except admits that there have been various contacts between representatives of Prometheus and others about possible employment at THR.

34-38. The allegations contained in paragraphs 34-38 are not related to any cause of action in the Complaint and accordingly should be stricken as immaterial pursuant to Fed. R. Civ. P. 12(f). If PMC believed in the truth or the relevance of these allegations it would have attempted to plead claims based upon them. To the extent any responsive pleading is required, Prometheus denies, except admits that deadline.com, THR and other entertainment news sites sometimes report on the same stories within a few minutes of each other, based on the same press releases or similar publicly available announcements from studios and other entertainment industry sources.

39. Answering Paragraph 39 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies, except admits that PMC owns and operates tvline.com. In particular, Prometheus denies that tvline.com is regarded as a "must visit" site for anybody.

40. Paragraph 40 of the Complaint contains no specific allegations asserted against Prometheus by PMC, such that no responsive pleading is required. To the extent any responsive pleading is required, Prometheus denies, except admits that every website utilizes code to create its look, feel and functionality.

///

6

41.     Answering Paragraph 41 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies.

42.     Answering Paragraph 42 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies, except admits that at some point PMC launched the tvline.com user interface, utilizing Internet-standard features and functionality and based upon open-source code.

43-48.  Answering Paragraphs 43-48 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies, except admits that the module at issue consists of multiple parts, going by the names and having generally the purposes alleged in the complaint, with the code consisting of or being closely derived from open-source code.

49.     Answering Paragraph 49 of the Complaint, Prometheus denies, except admits that due to a good-faith error by a contractor working on behalf of THR, who mistakenly used code from tvline.com, certain code from the tvline.com website was briefly utilized in THR's website.

50.     Answering Paragraph 50 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50, and on that basis denies, except admits that the functionality described is part of tvline.com's homepage and also is part of many other Internet homepages, and admits that a version of the relevant code from tvline.com appeared briefly on THR's website as a result of the contractor's error.

51.     Answering Paragraph 51 of the Complaint, Prometheus denies.

52-56.  Answering Paragraphs 52-56 of the Complaint, Prometheus is without sufficient knowledge or information to form a belief as to the truth of the

1 allegations contained in said paragraphs, and on that basis denies, except admits
2 that a website's source code generally is available for inspection and copying by
3 any Internet user, and that the contractor in question did access certain code from
4 tvline.com, contrary to the intentions of THR, resulting in a version of that code
5 briefly appearing on THR's website and including various file designations that
6 also appeared in tvline.com's website code; and admits that the screenshots
7 attached to the Complaint depict similarities between the two websites.

8   57.   Answering Paragraph 57 of the Complaint, Prometheus hereby
9 incorporates its responses in Paragraphs 1 through 56 of this Answer.

10   58.   Answering Paragraph 58 of the Complaint, Prometheus is without
11 sufficient knowledge or information to form a belief as to the truth of the
12 allegations contained in said paragraph, and on that basis denies.

13   59.   Answering Paragraph 59 of the Complaint, Prometheus is without
14 sufficient knowledge or information to form a belief as to the truth of the
15 allegations contained in said paragraph, and on that basis denies.

16   60.   Answering Paragraph 60 of the Complaint, Prometheus denies, except
17 admits that due to a good-faith error by a contractor working on behalf of THR,
18 who mistakenly used code from tvline.com, certain code from the tvline.com
19 website was briefly utilized in THR's website.

20   61.   Answering Paragraph 61 of the Complaint, Prometheus denies.
21   62.   Answering Paragraph 62 of the Complaint, Prometheus denies.
22   63.   Paragraph 63 consists of a legal conclusion to which no responsive
23 pleading is required.  To the extent any responsive pleading is required,
24 Prometheus denies.

25   64.   Paragraph 64 consists of a legal conclusion to which no responsive
26 pleading is required.  To the extent any responsive pleading is required,
27 Prometheus denies.
28 ///

SAUER & WAGNER LLP
1801 CENTURY PARK EAST, SUITE 1150
LOS ANGELES, CA 90067

8

ANSWER TO COMPLAINT

65. Paragraph 65 consists of a legal conclusion to which no responsive pleading is required. To the extent any responsive pleading is required, Prometheus denies.

66. Paragraph 66 consists of a legal conclusion to which no responsive pleading is required. To the extent any responsive pleading is required, Prometheus denies.

## **AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, Prometheus asserts that PMC has failed to state a claim upon which relief may be granted.

2. As a second affirmative defense, Prometheus asserts that it acted in good faith.

3. Prometheus denies that PMC has suffered any damage, but to the extent PMC has suffered damages, as a third affirmative defense Prometheus asserts that Plaintiff had a duty to mitigate its damages and failed to do so.

4. As a fourth affirmative defense, Prometheus asserts that the Complaint is vague, ambiguous and uncertain.

5. As a fifth affirmative defense, Prometheus asserts that PMC's alleged interests are not entitled to protection under the copyright laws of the United States.

6. As a sixth affirmative defense, Prometheus asserts that any losses or damage allegedly suffered by PMC were directly caused or contributed to by the failure to exercise ordinary care, caution or prudence of persons other than Prometheus.

7. As a seventh affirmative defense, Prometheus asserts that, under the doctrine of unclean hands, PMC is not entitled to relief.

///

WHEREFORE, Prometheus prays as follows:

1. That PMC take nothing by reason of its Complaint and that judgment be rendered in favor of Prometheus;

2. That Prometheus be awarded its costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

## JURY DEMAND

Prometheus hereby demands a jury trial of all issues which may be properly tried to a jury.

DATED:  December 16, 2011           SAUER & WAGNER LLP

                                    By: */s/ Eve H. Wagner*
                                        Attorneys for Defendant
                                    PROMETHEUS GLOBAL MEDIA, LLC

ANSWER TO COMPLAINT