1  Bryan J. Freedman, Esq. (SBN 151990)
2  Steven B. Stiglitz, Esq. (SBN 222667)
   FREEDMAN & TAITELMAN, LLP
3  1901 Avenue of the Stars, Suite 500
   Los Angeles, CA 90067
4  Telephone: (310) 201-0005
   Facsimile: (310) 201-0045
5  E-mail: BFreedman@ftllp.com
           SStiglitz@ftllp.com

6  Attorneys for Plaintiff

7
8  Eve H.L. Wagner, Esq. (SBN 126471)
   Anthony D. Sbardellati, Esq. (SBN 246431)
   SAUER & WAGNER, LLP
9  1801 Century Park East, Suite 1150
   Los Angeles, California 90067
10 Telephone (310) 712-8100
   Facsimile (310) 712-8108
11 E-mail:     EWagner@swattys.com
               ASbardellati@swattys.com
12
13 JEREMY FEIGELSON (*of counsel*)
   BRUCE P. KELLER (*of counsel*)
   DEBEVOISE & PLIMPTON LLP
14 919 Third Avenue
   New York, New York 10022
15 Telephone (212) 909-6000
   Facsimile (212) 909-6836
16 Email:      jfeigelson@debevoise.com
               bpkeller@debevoise.com
17
   Attorneys for Defendant
18

19                 UNITED STATES DISTRICT COURT
20                 CENTRAL DISTRICT OF CALIFORNIA

21 PENSKE MEDIA CORPORATION,   )   Case No.: CV 11-7560-VBF (MRWx)
   dba PMC, a Delaware corporation, )
22                              )   **REPORT OF THE PARTIES'**
             Plaintiff,         )   **PLANNING MEETING**
23                              )
        vs.                     )   **[FRCP 26(f)]**
24                              )
   PROMETHEUS GLOBAL MEDIA,     )   Action filed:    September 14, 2011
25 LLC, a Delaware limited liability )   Trial Date:      None set
   company d/b/a hollywoodreporter.com; )
26 and DOES 1 through 10, inclusive, )   Assigned to: Hon. Valerie B. Fairbank
                                  )
27           Defendants.         )
                                  )
28 ─────────────────────────────

1

Report of the Parties' Planning Meeting

Pursuant to Section 3 of this Court's Standing Order, this Court's December 19, 2011 Minute Order, Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rule 26-1, plaintiff Penske Media Corporation ("Plaintiff") and defendant Prometheus Global Media, LLC ("Defendant") submit this Joint Rule 26(f) Report.

## 1. BASIS FOR SUBJECT MATTER JURISDICTION

The Court has original jurisdiction because this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

## 2. SHORT STATEMENT OF CLAIMS AND DEFENSES.

### A. Plaintiff's Statement of Claims.

Plaintiff contends that Defendant infringed its copyrights relating to the design of its website TVLine.com and the source code that Plaintiff used to implement that design. Plaintiff seeks injunctive relief as well as actual damages, statutory damages, disgorgement of profits, attorneys' fees, costs of suit, and pre-judgment interest. Plaintiff is considering whether to seek to add an additional claim for hot news misappropriation arising from Defendant's misappropriation of news stories along the lines alleged in the complaint, some of which occurred as recently as the week of the filing of this Report. To the extent Plaintiff seeks to add such an additional claim, Plaintiff will seek injunctive relief as well as actual damages, disgorgement of profits, costs of suit, and pre-judgment interest, and any other relief that may be available.

### B. Defendant's Statement of Defenses.

Defendant expects to defend the copyright infringement claim on a variety of grounds, including but not limited to lack of copyrightability of the allegedly infringed work, absence of damages, and the fault of a third party. As stated in the Answer, Defendant denies that it infringed Plaintiff's copyright, and denies that any editorial or substantive content of Plaintiff was copied or appeared on Defendant's website. *See* Answer ¶ 8.

Plaintiff has advised that it may amend the complaint to include a claim based on the "hot news misappropriation" doctrine. Defendant reserves all rights to address the

specifics of any amended complaint when and if it is filed. To the extent that the narrow "hot news" doctrine has any continuing vitality, the facts of this case do not fit. Defendant expects to defeat any "hot news" claim for the simple reason that Plaintiff has no protectible interest in the facts in its news stories, and Defendant is not copying or "stealing" Plaintiff's stories.

### 3. THE LIKELIHOOD OF THE APPEARANCE OF ADDITIONAL PARTIES.

Defendant has asserted a defense that a third party was responsible, in part or in whole, for the alleged conduct. Defendant is considering whether to seek to implead that third party. The parties do not anticipate the addition of any other parties at this time.

### 4. PROPOSED DISCOVERY PLAN – FRCP 26(f)(3).

A. Initial Disclosures.

The parties do not believe any changes should be made in the form or requirements for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, and have agreed that those disclosures will be made by February 7, 2012.

B. Subjects of Discovery.

(i) Plaintiff's Subjects of Discovery.

Without limitation, Plaintiff will seek discovery to determine the following:

- Facts supporting its claim that Defendant infringed Plaintiff's copyrighted website design and source code.
- Facts supporting its claim that the alleged conduct was part of an overall plan by Defendant to unfairly compete with Plaintiff.
- To the extent that Plaintiff seeks to add a claim for hot news misappropriation, Plaintiff will seek discovery regarding Defendant's

3
Report of the Parties' Planning Meeting

copying of news stories from Plaintiff's website, www.DeadlineHollywood.com.
- Facts supporting its alleged damages, including without limitation, an accounting of all profits that Defendant earned as a result of the alleged conduct.
- To the extent that Plaintiff seeks to add a claim for hot news misappropriation, Plaintiff will seek discovery regarding its alleged damages, including without limitation, an accounting of all profits that Defendant earned as a result of the alleged conduct
- Facts rebutting Defendant's affirmative defenses, including without limitation the defense that a third party is responsible, in part or in whole, for the alleged conduct.

(ii) <u>Defendant's Subjects of Discovery</u>.
- Defendant notes that there is only one cause of action pled in the complaint, *i.e.*, for copyright infringement based on a very brief period during which a small portion of computer code was utilized in Defendant's website.  The balance of the complaint consists of material that is irrelevant to the copyright claim, but seems to have been pled as a means of attracting publicity by disparaging Defendant. *See, e.g.*, Answer ¶¶ 27-38.  Defendant believes that discovery should be limited to the facts specifically related to the claim for copyright infringement as pled in the complaint.  Facts related to these irrelevant allegations should not be the subject of discovery.  In the event that Plaintiff successfully obtains leave to amend its complaint, Defendant reserves all rights to address the scope of discovery that is appropriate in light of any such actual amendment.

C. <u>Changes in Discovery Limitations</u>.

The parties do not believe that any changes should be made in the discovery limitations imposed by the Federal Rules of Civil Procedure or by Local Rule.

    D.    <u>Proposed Discovery Cut-Off Date; Whether Discovery Should be Conducted in Phases or Otherwise Ordered or Limited</u>.

The parties do not believe that discovery needs to be conducted in phases. The parties propose a fact discovery cut-off date of November 9, 2012.

    E.    <u>Electronic Discovery</u>.

The parties do not anticipate any substantial issues regarding electronic discovery.

    F.    <u>Privilege Issues</u>.

The parties do not anticipate any potential privilege issues that are out of the ordinary.

**5.** **EXPERT WITNESSES.**

The parties respectfully propose the following schedule for expert witness disclosures and discovery:

    a.    Initial expert designations and disclosures: within 30 days after the fact discovery cut-off;

    b.    Rebuttal expert designations and disclosures: within 30 days of initial designations and disclosures; and

    c.    Expert witness discovery cut-off: within 90 days of fact discovery cut-off.

**6.** **MOTION CUT-OFF, PRETRIAL, TRIAL DATES AND OTHER DATES.**

The parties believe that the case can be tried in one phase, without bifurcating the trial. The parties respectfully submit the following proposed dates:

- Plaintiff contends that the Settlement Conference should take place only before the Magistrate and should take place after the deposition of the third party(s) who Defendant contends are to blame for the alleged conduct. Defendant contends that the Settlement Conference should take place on the earliest date convenient for the Magistrate or the Judge.
- Motion Cut-Off:                May 25, 2013
- Motions in Limine:            June 15, 2013
- Final Pre-trial Conference:   June 15, 2013
- Trial date:                   July 9, 2013

### 7. **TRIAL ESTIMATE.**

All parties have requested a jury trial. If no additional claims or parties are added, the parties estimate trial of 5 days or less. If additional claims and/or parties are added, the parties estimate a trial of approximately 2 weeks, depending on the additions.

### 8. **OTHER ORDERS.**

The parties anticipate seeking an order regarding the confidentiality of materials produced in discovery, on terms to be determined.

### 9. **SETTLEMENT.**

The parties have completed and attached the ADR-1 selection form and questionnaire. The parties have engaged in business-to-business settlement discussions, which may continue.

### 10. **WHETHER THIS CASE IS COMPLEX.**

The parties agree that this action is not "complex" and does not require utilization of any of the procedures of the Manual for Complex Litigation.

11. **ANTICIPATED DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS.**

The parties would like to build time into the case schedule, as indicated above, for potential summary judgment motions after the close of discovery. To the extent additional claims and/or parties are added, the parties may decide to file additional dispositive motions as to the added claims and/or parties.

Dated: January 26, 2012                    FREEDMAN & TAITELMAN, LLP


                                           By: _____/s/_____
                                           Bryan J. Freedman
                                           Steven B. Stiglitz
                                           *Attorneys for Plaintiff Penske Media Corp.*


Dated: January 26, 2012                    SAUER & WAGNER, LLP


                                           By: _____/s/_____
                                           Eve H. Wagner

                                           Jeremy Feigelson (*of counsel*)
                                           Bruce P. Keller (*of counsel*)
                                           DEBEVOISE & PLIMPTON LLP

                                           *Attorneys for Defendant Prometheus Global Media LLC*