1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   Penske Media Corporation,           ) Case No. **CV 11-7560-VBF (MRWx)**
                                          )
12                   Plaintiff,           ) **SCHEDULING AND CASE**
                                          )
13           v.                           ) **MANAGEMENT ORDER FOR CASES**
                                          )
14   Prometheus Global Media LLC et       ) **ASSIGNED TO JUDGE VALERIE BAKER**
     al.,                                 )
15                                        ) **FAIRBANK**
                     Defendants.          )
16   _____)

17        This case has been assigned to the calendar of Judge Valerie Baker Fairbank.  This

18   Order is to advise the parties and counsel of the schedule that will govern this action.  SEE

19   THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.

20

21        Because this Order modifies or adds to the Local Rules in some respects,

22   counsel are advised to read it carefully.  Counsel are advised to pay particular

23   attention to the Court's requirements for motions for summary judgment and partial

24   summary judgment. IT IS HEREBY ORDERED:

25        1.    **ELECTRONIC FILING**

26        As of January 1, 2008, <u>all</u> civil and criminal matters must be electronically

27   filed ("e-filed") pursuant to Fed. R. Civ. P. 5(d)(3), L.R. 5-4, and General Order 10-

28   07.  Counsel e-filing documents with Judge Fairbank must adhere to the following

additional requirements:

a.      **Mandatory Chambers Copy.**  One paper mandatory chambers copy of **all** filed documents, including all e-filed documents, shall be delivered to the courtesy copy box outside the entrance to Judge Fairbank's chambers (chambers is located at the end of the hallway, to the right of the courtroom) by **noon** the **day following the filing**.  All mandatory chambers copies shall have the notice of e-filing attached.  It is preferred, though not required, that mandatory chambers copies include a blue backing.

b.      Failure to comply with this direction regarding mandatory chambers copies could result in a delay in the consideration of a party's motion.

c.      **Proposed Signature Items**.  All proposed signature items shall also be **e-mailed** to the chambers email address:  **vbf_chambers@cacd.uscourts.gov**.  The proposed signature items shall be submitted in either Word or Word Perfect format.  DO NOT email other associated documents and DO NOT use this e-mail address for communication with the Court or the clerk.

d.      Any documents requiring manual filing must be accompanied by a Notice of Manual Filing explaining the reason(s) therefore.  Notwithstanding the requisite Notice, such documents remain subject to rejection by the Court for failure to e-file.

For **under seal filings**, process documents manually with the Clerk's office.  A Notice of Manual Filing should also accompany the paper mandatory chambers copies submitted to chambers.  DO NOT send these documents to the chambers' e-mail account.  See Judge Fairbank's Procedures and Schedules page for additional information regarding under seal filings.

2.      **GENERAL MATTERS.**

Counsel should refer to the Court's Standing Order and the Court's website for information regarding policies and procedures.  In particular, Counsel shall review the sections of the Court's Standing Order pertaining to the presence of responsible

2

attorneys, mandatory chambers copies, <u>ex parte</u> applications, and motion requirements.  <u>See</u> www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon. Valerie Baker Fairbank.

      3.    **DISCOVERY CUT-OFF**.

    All discovery shall be completed by the discovery cut-off date specified on the last page of this Order.  This is the date by which all discovery is to be completed.  Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.  The Magistrate Judge assigned to this case will rule on discovery motions.  Counsel should not deliver courtesy copies of discovery-related documents to this Court.

      4.    **MOTIONS.**

      a.    **Motion Filing Cut-Off Date.**  All law and motion matters, except for motions in limine, must be filed by the motion filing cut-off date set at the Scheduling Conference. The parties are advised to adhere to the requirements of the Local Rules.  <u>See</u> Local Rules 7-1 et seq.; Standing Order.

      b.    **Motions in Limine**.  Before filing any motion in limine, counsel shall comply with Local Rule 7-3.  Unless otherwise ordered, motions in limine will be heard at the Final Pre-Trial Conference and should be noticed and filed as any other motion.

      5.    **MOTIONS FOR SUMMARY JUDGMENT**.

      a.    Parties should not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment.

      b.    **Separate Statement of Uncontroverted Facts and Statement of Genuine Issues of Material Fact**. The Separate Statement of Uncontroverted Facts is to be prepared in a two column format.  The left-hand column should set forth the allegedly undisputed fact.  The right-hand column should set forth the evidence that supports the factual statement.  The factual statements should be set forth in

sequentially numbered paragraphs.  Each paragraph should contain a narrowly-focused statement of fact.

The opposing party's Statement of Genuine Issues of Material Fact must be in two columns and track the movant's Separate Statement exactly.  The left-hand column must restate the allegedly undisputed fact, and the right-hand column must indicate whether the statement is undisputed or disputed.  If disputing only a portion of the statement, the opposing party must clearly indicate what portion is disputed.  Where disputing the fact in whole or part, the opposing party must, in the right-hand column, label and restate the moving party's evidence in support of the fact, and then set forth the opposing party's evidence controverting the fact.  Where the opposing party disputes the fact on the basis of an evidentiary objection, the party must cite the allegedly objectionable evidence and state the ground of the objection.  No argument should be set forth in this document.

The opposing party may submit additional material facts.  The additional material facts shall follow the format described above for the moving party's Separate Statement and shall follow the movant's facts, in sequentially numbered paragraphs.  The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposing party is required to adhere to in responding to the Statement of Uncontroverted Facts, as described above.

c.    **Supporting Evidence**.  All evidence in support of or in opposition to a motion for summary judgment, including declarations and exhibits to declarations, shall be separated by a tab divider.  If evidence in support of or in opposition to a motion for summary judgment exceeds fifty pages, the Court's mandatory chambers copy of the supporting evidence shall be placed in a binder with a Table of Contents and each item of evidence separated by a tab divider.

d.    **Objections to Evidence**.  If a party disputes a fact in whole or in part based on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Separate Statement, but not argued in that document.

Evidentiary objections should be addressed in a separate memorandum to be filed with the opposition or reply brief.  Blanket or boilerplate objections are improper and will be disregarded and/or overruled.

      e.   **Memorandum of Points and Authorities**.  The movant's and respondent's memoranda of points and authorities should conform with Local Rule 7 and contain a narrative statement of facts as to those aspects of the case that are before the Court.  All facts should be supported with citations to the evidence and to a  paragraph number in the Separate Statement or Statement of Genuine Issues of Material Fact.

      f.   **Proposed Statement of Decision**.  Each party shall file and serve a Proposed Statement of Decision, not to exceed five pages, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record.

      6.   **FINAL PRE-TRIAL CONFERENCE AND PRE-TRIAL FILINGS**.

      a.   **General Provisions**. The parties must comply with Local Rule 16.  At the Final Pre-Trial Conference ("FPTC"), the parties should be prepared to discuss means of streamlining the trial and settlement.  Lead counsel who will actually try the case must attend the Final Pretrial Conference.  A party who is not represented must attend all proceedings in person.  If the Court waives a FPTC, the parties must follow Local Rule 16-11.2.

      b.   **Memoranda; Witness Lists; Exhibit Lists**.  At least twenty-one days prior to the date of the FPTC, the parties shall file and serve Memoranda of Contentions of Fact and Law, Witness Lists, and Exhibit Lists in compliance with Local Rules 16-4, 16-5, and 16-6.

      Witness Lists.  Witness lists shall include a brief summary (one or two paragraphs) of each witness's expected testimony, an estimate of the length of time needed for direct examination, and whether the witness will testify by deposition or in person.

If a witness is to testify by deposition, counsel shall designate the portions of the deposition to be read at trial in lieu of live testimony in the Witness List. Then, by the first day of trial, counsel shall lodge copies of the deposition transcripts to be read with the following annotations in the margin: (1) portions designated to be read by each party, and (2) evidentiary objections. One week before the trial, counsel should meet and confer to arrange for the preparation of annotated deposition transcripts.

c. **Exhibit Stipulation**. The parties shall prepare a Final Pre-Trial Exhibit Stipulation that contains each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. This Exhibit Stipulation shall be clear as to which party seeks to introduce the exhibit. All exhibits to which there is no objection shall be deemed admitted where they are identified in trial. Parties shall stipulate to the authenticity of exhibits whenever possible.

Though this Exhibit Stipulation should be filed separately, the parties should reference this Stipulation in the Proposed Final Pretrial Conference Order and file such Stipulation on the same date as the Proposed Final Pretrial Conference Order. This Exhibit Stipulation shall satisfy the requirement of Local Rule 16-6.3.

d. **Jury Instructions, Verdict Forms, Special Interrogatories**. The parties shall lodge proposed jury instructions, verdict forms and/or special interrogatories at least seven days prior to the date of the FPTC. Cf. Local Rule 51-1.

(i) **Format**. Per Local Rules 51-1 - 51-5, if the parties cannot agree upon one complete set of instructions, verdict form and/or special interrogatories, they shall file two documents with the Court: A joint document reflecting the agreed upon instructions, verdict form and/or special interrogatories; and a second document in the form of a joint statement regarding the disputed jury instructions, verdict forms and/or special interrogatories, in the following format: (1)

A page containing the text of the disputed language with an identification of the party proposing it; (2) a second page containing the opposing party's statement of objections to the disputed language (as well as proposed alternative language if appropriate) with citation to legal authority (not to exceed one page); and (3) a third page containing the proposing party's response to the objection with citation to supporting legal authority (not to exceed one page).

The Court will send copies of the instructions into the jury room for the jury's use during deliberations. Therefore, in addition to the copies described above, counsel shall submit a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. __."

(ii)   **Preferred Instructions.**  The Court directs counsel to use the instructions from the Manual of Model Jury Instructions for the Ninth Circuit where applicable.  Where the above instructions are not applicable, the Court prefers counsel to use the Judicial Council of California Civil Jury Instructions ("CACI").  If neither of these sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions. Modifications of instructions from the foregoing sources (or any other form instructions) must be set forth with particularity (e.g. by underlining) as well as authority supporting the modification.

e.   **Final Pre-Trial Conference Order ("FPTCO")**.  The proposed FPTCO shall be lodged at least seven days prior to the date of the FPTC.  The form of the proposed FPTCO shall comply with Appendix A to the Local Rules.  *See also* ¶6c of this Scheduling & Case Management Order.  The parties must file a Status Report regarding settlement at the time they lodge the Proposed FPTCO.  This Report shall not disclose the parties' settlement positions, but shall merely describe the efforts made by the parties to resolve the dispute.

f.   **Joint Statement of the Case and Requests for Voir Dire**.  At

least seven days prior to the FPTC, the parties shall lodge their proposed voir dire questions and their joint statement of the case.

        g.   **Court Reporter.** At the FPTC, all parties shall provide to the court reporter a list of all words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a standard word-processing spell-check dictionary.  The court reporter shall maintain the confidence of the parties submitting this information.

        h.   **Court Trial.**  Counsel for each party shall lodge and serve initial proposed findings of fact and conclusions of law seven days before the FPTC.

        i.   **Day of Trial.**  On the first day of trial the following shall be submitted to the Courtroom Deputy Clerk:  (1) The original exhibits, identified and pre-marked as directed by the courtroom deputy clerk at the FPTC.  (2) One bench book with a copy of each exhibit for the Court's use, with tabbed dividers between each exhibit. (3) A copy of the exhibit book for opposing counsel.  (4) Three copies of exhibit lists  and three copies of witness lists in the order in which the witnesses will be called to testify.

Dated:      1/31/12

VALERIE BAKER FAIRBANK
United States District Judge

8

# JUDGE VALERIE BAKER FAIRBANK
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

1.      Parties and Case Number:

      a.      Penske Media Corporation, v. Prometheus Global Media LLC et al.

      b.      Case number: **CV 11-7560-VBF (MRWx)**

2.      Trial  _7/9/13_   at 8:30 AM

      a.      Jury   _X_____

      b.      Court _____

      c.      Time Est. _____

3.      FPTC   _6/24/13____   at 1:30 PM

4.      Motion Filing Cut-off  _5/20/13___

5.      Non-expert Discovery Cut-off   _11/9/13___

6.      Expert Discovery Cut-off        _2/9/13_____

      Initial Disclosure        _12/9/12___

      Rebuttal        _1/9/13___

7a.     ADR - Settlement Procedure No.   _____

7b.     Settlement Conference/Mediation to be held no later than 5/17/13