Bryan J. Freedman, Esq. (SBN 151990)
Steven B. Stiglitz, Esq. (SBN 222667)
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
E-mail: BFreedman@ftllp.com
SStiglitz@ftllp.com

Attorneys for Plaintiff
Penske Media Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 11-7560-VBF (MRWx)<br>Assigned to: Hon. Josephine Staton Tucker<br>Magistrate: Hon. Michael R. Wilner<br><br>**DISCOVERY MATTER:**<br>**PLAINTIFF PENSKE MEDIA CORPERATION'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION RE: MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY PROPOUNDED TO DEFENDANT PROMETHEUS GLOBAL MEDIA, LLC; SUPPLEMENTAL DECLARATION OF STEVEN B. STIGLITZ IN SUPPORT**<br><br>Action filed:         September 14, 2011<br>Discovery<br>  Cut-off:            November 9, 2012<br>Pre-trial Conference<br>  Date:               June 28, 2013 [Note: LR 37-2.1 requires inclusion of both of the preceding dates on the title page]<br>Trial Date:          July 9, 2013<br>Hearing Date:       January 9, 2013<br>Hearing Time:       9:30 a.m.<br>Hearing Location: Courtroom H (9th Fl.) |

0

## I. INTRODUCTION

Penske first provided Prometheus with its portion of the joint stipulation on October 17, 2012, and was ready to file the joint stipulation around October 31, 2012, even with formatting changes that Prometheus requested. Prometheus, however, repeatedly requested that Penske defer and postpone the motion. Instead of filing the motion, Penske relied on Prometheus' representation that it would work with Penske to set a new briefing schedule even if the Court denied the stipulation to extend the deadline. Prometheus, however, jettisoned that agreement as soon as it became convenient to do so, when the Court denied the parties' stipulations.

## II. THE MAGISTRATE HAS DISCRETION TO GRANT THE MOTION

Courts have discretion to allow tardy motions when the responding party is at fault. See M2 Software, Inc. v. M2 Communs., L.L.C., 217 F.R.D. 499, 500 (C.D. Cal. 2003). In M2, the responding party agreed to produce documents and then reneged when the discovery cutoff passed. As a result, the M2 court stated, "This court will not rigidly enforce the discovery cutoff by barring the present discovery motion in circumstances in which M2 Communications and its counsel reasonably relied to its detriment upon the representations of M2 Software and its counsel that M2 Software would produce the documents at issue." Id.

## III. PROMETHEUS WAS AT FAULT FOR THE UNTIMELY FILING

Penske first provided its portion of the joint stipulation regarding the motion to compel further responses on Wednesday, October 17, 2012. (Supplemental Declaration of Steven B. Stiglitz ("Stiglitz Decl.") ¶ 2; Ex. A (Email to Prometheus' counsel, which attached Penske's portion of the joint stipulation).) Five days later, on October 22, 2012, counsel for Prometheus asked to meet and confer regarding the motion. (Stiglitz Decl. ¶ 3.) When counsel met and conferred on Tuesday, October 23, 2012, counsel for Prometheus raised only one issue regarding the joint stipulation, namely that the requests and responses should not be contained in a statement of facts, but instead should be

included immediately preceding the argument for each issue. (Stiglitz Decl. ¶ 4.) As a result of that discussion, Penske proposed that it could provide Prometheus with a reformatted version by the end of the week if Prometheus could provide its portion of the joint stipulation in time to be filed on Wednesday October 31, 2012, which Prometheus' counsel said it would do. (Stiglitz Decl. ¶ 4.)

Shortly thereafter, Prometheus proposed that the parties continue their settlement negotiations, defer the discovery motion, and file a stipulation to continue various deadlines including the time for discovery and to file discovery motions. Despite Penske's desire to immediately file the motion to compel, Prometheus insisted that Penske postpone the filing. To that end, Prometheus further represented its willingness to agree upon a new briefing schedule if the Court was unwilling to continue various deadlines. Specifically, on October 26, 2012, Prometheus' counsel, William Weeks, wrote to Penske's counsel, Steven Stiglitz: "I understand from Eve Wagner [Week's co-counsel] that there's an agreement to push all deadlines out by six months. We'll send a stip for your review. **This of course contemplates that if the court has an issue with the dates in the stip, we would also work out with you a new schedule on the motion to compel.**" (Stiglitz Decl. ¶ 5, Ex. B (Email chain between counsel for Penske and Prometheus, with first email dated October 26, 2012 at 3:15 p.m. containing relevant quotation and last email October 29, 2012 at 5:03 p.m.) (Emphasis added).)[1]

Several minutes later, Penske's counsel responded that he believed that the motion to compel would advance settlement negotiations and requested that it be excluded from the stipulation. (Stiglitz Decl. ¶ 5, Ex. B (second email in chain, with time stamp of 6:18 p.m. reflecting Eastern time).) Within an hour, Prometheus' counsel, Mr. Weeks, responded that he understood that Penske had agreed that the motion to compel date

---

[1] Notably, although Mr. Weeks is listed as "of counsel" on Prometheus' pleadings and was heavily involved in the negotiations relevant to this motion, Mr. Weeks is not admitted to practice in California and never filed an application for *pro hac vice* admission.

would be extended as well. (Stiglitz Decl. ¶ 5, Ex. B (second email in chain, with time stamp of 6:18 p.m. reflecting Eastern time).) Several minutes later, Penske's counsel responded by indicating that Penske still planned to move forward with the motion to compel and that doing so was important to settling the case. (Stiglitz Decl. ¶ 5, Ex. B (third email in chain).) Later that day, Prometheus' counsel, Ms. Wagner, forwarded the email chain to Penske's counsel, Mr. Freedman. (Stiglitz Decl. ¶ 5, Ex. B (fourth email in chain).) Within an hour, Mr. Freedman responded, in relevant part, "it would seem prudent to resolve our discovery dispute . . ." (Stiglitz Decl. ¶ 5, Ex. B (fifth email in chain).) On Monday, October 29, 2012, after further discussions, Penske agreed to the "stay" that Prometheus requested. (Stiglitz Decl. ¶ 5, Ex. B (last email in chain).)

On October 31, 2012, the parties filed a stipulation to continue the discovery motion cutoff as well as other deadlines. (Stiglitz Decl. ¶ 6.) However, on November 5, 2012, the Court denied that stipulation for lack of "good cause" without a written order. Based on the parties' joint belief that the Court simply wanted the parties to provide a further explanation and/or request a shorter continuance, on November 9, 2012, the parties filed a second stipulation seeking a shorter extension of deadlines. The Court denied that stipulation by written order on Wednesday, <u>November 14, 2012</u>. (Stiglitz Decl. ¶ 7.)

On the same day that the Court issued its order denying the stipulation to continue the discovery motion cutoff and other relevant deadlines, Penske provided Prometheus with an updated version of its portion of the joint stipulation, which merely reformatted the motion and was substantively identical to the prior version it provided. (Stiglitz Decl. ¶ 8 Ex. B (Email to Prometheus' counsel, which attached Penske's re-formatted portion of the joint stipulation).) Despite Prometheus' multiple requests that Penske postpone the motion to compel and its representation that, if the Court did not extend the deadline, it would "work out with [Penske] a new schedule on the motion to compel," on Friday, November 16, 2012, Prometheus' counsel, Ms. Wagner, sent an email to Penske's counsel taking the position that discovery was over and that Prometheus would not submit any

3
PENSKE'S SUPPLEMENTAL MEMORANDUM RE: MOTION TO COMPEL FURTHER RESPONSES

further stipulations to extend time. (Stiglitz Decl. ¶ 9, Ex. D (Email from Wagner to Stiglitz).) Notably, this position contradicted the position that her co-counsel, Mr. Weeks had taken in October when the parties were negotiating the stipulation. (Stiglitz Decl. ¶ 5, Ex. B (first email in chain).)

Later that day, counsel for the parties spoke by telephone regarding the status of discovery, including the motion to compel. (Stiglitz Decl. ¶ 10.) Penske's counsel requested that Prometheus provide its opposition on Monday, November 19, 2012 to allow for the motion to be filed prior to the Court's deadline. As set forth above, in late October, Prometheus previously had stated that, if Penske reformatted the joint stipulation, Prometheus would provide its joint stipulation in five days (due to the fact Prometheus already had Penske's portion for weeks). Likewise, Prometheus had previously indicated that, "if the court has an issue with the dates in the stip," then it would "work out with [Penske] a new schedule on the motion to compel," Prometheus, however, now took the position that Penske's motion was untimely and that it would not provide its portion of the joint stipulation until November 21, 2012, which was after the discovery motion cutoff. (Stiglitz Decl. ¶ 10.)

Thus, despite the delay that occurred at Prometheus' behest, Penske still was ready to file the joint stipulation on November 19, 2012 if Prometheus had simply prepared its portion of the document in the 5-day window that it had previously said it could do. Again Prometheus admitted on October 26, 2012 that it could have provided its portion of the joint stipulation within five days because, even at that time, Prometheus had been in possession of Penske's portion of the joint stipulation for nine days. Even though Prometheus had been in possession of the joint stipulation for 33 days by the time of counsel's discussion on November 19, 2012, rather than provide its portion of the joint stipulation in the amount of time it previously stated it could and would do, Prometheus now insisted on taking seven days to respond so that any motion Penske filed would be untimely. The Court should not reward Prometheus' conduct by precluding Penske's motion.

1  On Monday, November 19, 2012, Prometheus' counsel wrote to confirm that it would not be serving its portion of the joint stipulation that day and that the joint stipulation eventually filed would be untimely. (Stiglitz Decl. ¶ 11 Ex. E (Email chain between Penske's counsel and Prometheus' counsel with first email dated November 19, 2012 at 12:59 p.m. and last email dated November 21, 2012 at 4:11 p.m.).) Penske's counsel followed up on Monday to urge Prometheus to reconsider its position that the joint stipulation should have been ready to file that day and to informally resolve other of the parties' discovery disputes. (Stiglitz Decl. ¶ 11 Ex. E (second email in chain).) In subsequent emails, Prometheus' counsel again confirmed its position. (Stiglitz Decl. ¶ 11 Ex. E (third and fourth email messages in chain).) Prometheus then provided Penske with its portion of the joint stipulation on Wednesday, November 21, 2012. (Stiglitz Decl. ¶ 11, Ex. E (last email in chain).) In that email, Prometheus attached a motion to compel further responses to discovery from Penske. Prometheus had not mentioned its intention to file any such motion since approximately July 2012. (Stiglitz Decl. ¶ 11, Ex. E (last email in chain).)

In the same November 21, 2012 email, <u>Prometheus' counsel requested that the parties file the motions on the same day</u> (November 28, 2012) and set hearings for the motions on the same day. (Stiglitz Decl. ¶ 11, Ex. E (last email in chain).) Given that the November 19, 2012 deadline for discovery motions already had passed, in accordance with Prometheus' request, and in an attempt to further efforts to informally resolve these issues, Penske agreed to wait until November 28, 2012 to file the joint stipulation. As a result, Penske provide its portion of the joint stipulation regarding Prometheus' motion to compel and filed its own motion to compel on November 28, 2012. (Stiglitz Decl. ¶ 12.)

Dated: December __, 2012

          FREEDMAN & TAITELMAN, LLP

          By: _____
               Bryan J. Freedman
               Steven B. Stiglitz
               *Attorneys for Plaintiff*
               *Penske Media Corporation*