# EXHIBIT E

# Steven Stiglitz

| | |
|---|---|
| **From:** | Weeks, William [wcweeks@debevoise.com] |
| **Sent:** | Wednesday, November 21, 2012 4:11 PM |
| **To:** | Steven Stiglitz; Bryan Freedman; Jesse Kaplan |
| **Cc:** | 'Eve Wagner'; 'Anthony Sbardellati'; Feigelson, Jeremy |
| **Subject:** | RE: Penske/Prometheus |
| **Attachments:** | dpny-23786454-v1-Prometheus Motion to Compel and Joint Stip.DOC; dpny-23786468-v1-Joint Stip Including Prometheus's Portions.DOC; Proposed Order Granting Prometheus's Mot to Compel.pdf; Sbardellati Decl. in Opposition to Penske Mot to Compel.pdf; Sbardellati Decl. in Support of Prometheus's Mot to Compel.pdf; Shah Decl. in Opposition to Penske's Mot to Compel.pdf |

Steve,

Attached is a version of Penske's joint stipulation that includes Prometheus's points in response. We suggest that you run a redline against your current version of the document, as we have pointed out some changes that are necessary in order for the document to comply with the local rules. Also attached are two declarations opposing the motion (by Manish Shah and Anthony Sbardellati) that we ask you to file as attachments to your motion.

Also attached is Prometheus's motion to compel, along with a declaration in support by Anthony Sbardellati and a proposed order that will be filed with it. We believe the most sensible and orderly approach would be for the two motions to be filed concurrently.

We note again our position that Penske's motion is untimely.

Bill Weeks

---

**From:** Anthony Sbardellati [mailto:asbardellati@swattys.com]
**Sent:** Tuesday, November 20, 2012 10:12 AM
**To:** 'Steven Stiglitz'
**Cc:** Eve Wagner; 'Bryan Freedman'; 'Jesse Kaplan'
**Subject:** RE: Penske/Prometheus

Steve,

We've now spoken to our client. We will be sending our portion of the joint stipulation tomorrow.

Anthony

---

**From:** Anthony Sbardellati
**Sent:** Monday, November 19, 2012 5:31 PM
**To:** 'Steven Stiglitz'
**Cc:** Eve Wagner; Bryan Freedman; Jesse Kaplan
**Subject:** RE: Penske/Prometheus

Steve,

Given that our client is on East Coast time, we will need to get back to you with our position in the morning.

Anthony

1

**From:** Steven Stiglitz [mailto:sstiglitz@ftllp.com]
**Sent:** Monday, November 19, 2012 3:49 PM
**To:** Anthony Sbardellati
**Cc:** Eve Wagner; Bryan Freedman; Jesse Kaplan
**Subject:** RE: Penske/Prometheus

Anthony,

I tried calling you about this earlier today.

As discussed on Friday, PMC served its portion of the joint stipulation on October 17, and Prometheus has had more than a month to prepare its response. Per your request, we made several minor non-substantive changes to the stipulation, but the substance of PMC's revised portion the joint stipulation was identical. Therefore, Prometheus should have had its portion of the joint stipulation prepared weeks ago.

In any event, I still think that we should be able to resolve this dispute with relative ease. As an initial matter, Prometheus previously agreed that much of the pending written discovery is appropriate and would be produced subject to the entry of a protective order. In fact, our dispute largely centered on the scope of the proposed protective order.

Therefore, PMC proposes that we file a joint stipulation today which would attach each side's proposed protective order; (2) request that the court enter the proposed protective order that it believes is the most appropriate; and (3) that Prometheus agree to respond to the pending written discovery requests within 20 days of the entry of an appropriate protective order. That protocol would avoid a motion to compel regarding the written discovery.

If Prometheus does not agree to these terms, then PMC will file its motion on Thursday upon receipt of your portion of the joint stipulation. In connection with that motion, PMC will argue that any perceived defect with the timing of the motion was caused by Prometheus' failure to timely provide us with its portion of the joint stipulation.

Note that PMC reserves all rights, including the right to preclude Prometheus under Rule 37(c) from relying on or presenting certain evidence at trial.

Steve


Steven B. Stiglitz, Esq.
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
310-201-0005
310-201-0045 facsimile
www.ftllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Anthony Sbardellati [mailto:asbardellati@swattys.com]
**Sent:** Monday, November 19, 2012 12:59 PM
**To:** Steven Stiglitz
**Cc:** Eve Wagner
**Subject:** Penske/Prometheus

Steve,

I'm writing in furtherance of our conversation of last Friday, and Eve's Friday email to you. The parties may not agree on where things stand with respect to discovery, but we continue to believe that Penske should at least work with us to tee up any dispute for the court in an orderly way.

We continue to believe that discovery is over and that any motion to compel would be untimely. Among other concerns, the draft Joint Stipulation which you circulated on November 14 is not in compliance with Local Rule 37, and - given the November 19 deadline to file motions to compel, and the seven-day notice requirement of Local Rule 37 – Penske's submission of the Joint Stipulation to Prometheus on November 14 was too late.

If Penske still intends to make a motion, then - without waiving objections to timeliness and to the form of Penske's November 14 document – we are prepared to provide Prometheus's portion of the Joint Stipulation to you by the close of business on November 21, i.e., seven days after we received the draft Joint Stipulation from you. As noted in Eve's email last Friday, we will assert the timeliness issue in our portion of the joint submission, and we will also assert that if the court does consider the substance of the discovery dispute, it should treat the submission as cross-motions and compel Penske to cure its discovery defaults.

Please let us know whether Penske intends to attempt a motion and its position on our offer to provide our piece of a Joint Stipulation by the 21st.

Thank you.

Anthony D. Sbardellati
Sauer & Wagner LLP
1801 Century Park East, Suite 1150
Los Angeles, CA 90067
asbardellati@swattys.com
Direct: 310-712-8111
Fax: 310-712-8108
www.swattys.com

Please consider the environment before printing this e-mail

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. PLEASE DO NOT DISSEMINATE OR DUPLICATE WITHOUT AUTHORIZATION BY SENDER. IN ADDITION, IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY SENDER AND DELETE ALL COPIES. THANK YOU.

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.