EVE H. WAGNER (State Bar No. 126471)
ANTHONY D. SBARDELLATI (State Bar No. 246431)
SAUER & WAGNER LLP
1801 Century Park East, Suite 1150
Los Angeles, California 90067
Tel: (310) 712-8100; Fax: (310) 712-8108
E-mail: ewagner@swattys.com; asbardellati@swattys.com

JEREMY FEIGELSON (of counsel)
(Pro Hac Vice Application Pending)
BRUCE P. KELLER (of counsel)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000; Fax: (212) 909-6836
Email: jfeigelson@debevoise.com; bpkeller@debevoise.com

Attorneys for Defendant Prometheus Global Media, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 11-7560-JST (MRW)<br><br>Hon. Josephine Staton Tucker<br>Magistrate: Hon. Michael R. Wilner<br><br>**DISCOVERY MATTER: DEFENDANT PROMETHEUS GLOBAL MEDIA LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PENSKE MEDIA CORPORATION'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**<br><br>**DECLARATIONS OF ANTHONY SBARDELLATI AND WILLIAM C. WEEKS (filed concurrently)**<br><br>Action filed:       September 14, 2011<br>Discovery Cut-off: November 9, 2012<br>Trial Date:        July 9, 2013 |

This brief responds to the "Supplemental Memorandum" and supporting declaration filed by Plaintiff Penske Media Corporation ("Penske") on December 4, 2012 at 8:22 p.m., less than 24 hours prior to today's telephonic conference regarding the timeliness of the parties' motions to compel. The parties had been on notice of today's conference call since November 30, 2012. Penske's last-minute filing left Defendant Prometheus Global Media LLC ("Prometheus") with little time to reply, particularly for defense counsel on the East Coast, who received the motion at 11:22 pm local time. Prometheus will briefly set the record straight. Simply put, Penske's motion to compel is untimely, and the responsibility for that untimeliness lies with Penske.

Penske initially indicated that it intended to file a motion to compel, but dropped that effort in favor of making a joint request with Prometheus that the Court extend all case management deadlines. In pursuing that joint request and delaying both motion practice and any discovery activity, both parties accepted the risk that the Court would not grant extensions. Specifically, Penske sent Prometheus a motion to compel and joint stipulation on October 17, 2012, and discussed a deadline with Prometheus's counsel for Prometheus to provide its portion of the joint stipulation. *See* Declaration of William C. Weeks, submitted herewith ("Weeks Decl."), at ¶ 2. However, because the parties were engaged in settlement discussions, they agreed to submit a stipulation to the Court seeking leave to push back all dates in the case by six months. Steven Stiglitz, counsel for Penske, acknowledged in an email dated October 29, 2012 (which is omitted from the discussion in Penske's Supplemental Memorandum) that Penske "will agree to the stay you requested, subject to the Court's approval. Therefore, the discovery joint stip appears to be moot." *See* Exhibit A to Declaration of Anthony Sbardellati, submitted herewith ("Sbardellati Decl."). The parties made no agreement about what would happen if the Court denied the joint request and Penske attempted to renew its motion to compel. *See* Weeks Decl. ¶ 2. At that

1

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

1  point, *i.e.*, on October 29, 2012, discovery was scheduled to close in 11 days.
2  Neither side had taken a single deposition or produced any documents, and Penske
3  had failed to respond to Prometheus's proposal months earlier about resolving
4  disagreement over a protective order.

5       The Court then denied the parties' request to extend the discovery cutoff and
6  case management dates.  ECF No. 29.  The parties decided to submit a more
7  detailed request, which Penske's counsel, Mr. Stiglitz, offered to draft.  After four
8  days, he provided a draft, which the parties submitted on November 9, 2012 – the
9  deadline for fact discovery in this matter.  *See* Sbardellati Decl. Ex. B; ECF No.
10 30.  The Court again denied the request, on November 15, 2012.  That evening,
11 Mr. Stiglitz re-sent Prometheus's counsel the joint stipulation and indicated his
12 intention to renew his motion to compel.

13      However, as of November 15, 2012, it was no longer possible for Penske to
14 timely file a motion to compel.  The last day for filing discovery motions under
15 Judge Tucker's Case Management Order was Monday November 19, 2012 (10
16 days after the close of discovery).  Local Rule 37-2.2 required Penske's counsel to
17 give Prometheus seven calendar days to provide its portion of the joint stipulation,
18 as well as one business day to review and sign the proposed final motion.
19 Prometheus was not willing to waive these requirements.  Mr. Stiglitz alternatively
20 proposed that the parties agree between themselves that the discovery deadlines
21 would be pushed out in the case, notwithstanding the Court's refusal to extend
22 discovery.  Prometheus declined that proposal, which was inconsistent with Judge
23 Tucker's orders and the Federal Rules.  *See* Sbardellati Decl. Ex. C.

24      There is no merit to the suggestion that Prometheus has somehow caused
25 Penske's delay or reneged on an agreement to adjust the discovery schedule (Supp.
26 Mem. at 2).  Penske mischaracterizes a statement in an email in which
27 Prometheus's counsel stated that the parties' agreement to jointly seek an extension
28 of the case management deadlines "of course contemplates that if the court has an

2
DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

issue with the dates in the stip, we would also work out with you a new schedule on the motion to compel." (Supp. Mem. at 2.) This statement merely confirmed that the previously agreed due date for Prometheus to provide its portion of the joint stipulation was no longer applicable. Prometheus certainly did not promise that, if the Court completely denied any extension of discovery, Prometheus would still support the filing and consideration of motions to compel, or would agree to modify the requirements of the Local Rules.[1]

Both parties took a risk by choosing to prioritize settlement negotiation over discovery activity. The risk was that if settlement was not finalized before the discovery cutoff, the Court might not extend the cutoff and with it the deadline for motions to compel. That risk has come to pass. Both sides are left to deal with the consequences: Fact discovery is over without document production or depositions having occurred; discovery motions are untimely; and both sides must move forward.

DATED: December 5, 2012        SAUER & WAGNER LLP

By: /s/ Eve H. Wagner
Eve H. Wagner
Attorneys for Defendant Prometheus Global Media LLC

---

[1] After Penske initially provided its Notice of Motion and Joint Stipulation on October 17, 2012, Prometheus's counsel requested that Penske provide a revised Joint Stipulation that complied with the formal requirements of Local Rule 37-2.2. *See* Weeks Decl. ¶ 2. Penske's counsel agreed to do so, with the understanding that doing so would not re-start the seven-day period for Prometheus's response under Local Rule 37-2.2 – Prometheus's counsel agreed to this. *Id.* However, as described above, the parties subsequently decided to jointly request an extension of all case management dates. At no time did Prometheus's counsel make any agreement with respect to what would happen if the Court denied that request and Penske attempted to renew its motion. *Id.* After the Court denied the parties' request, when Penske attempted to renew its motion to compel, Penske's counsel provided Prometheus with the joint stipulation, which he had revised in form in an attempt to comply with the requirements of Local Rule 37-2.1. *Id.*

3
DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM