Bryan J. Freedman, Esq. (SBN 151990)
Steven B. Stiglitz, Esq. (SBN 222667)
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone:  (310) 201-0005
Facsimile:   (310) 201-0045
E-mail:  BFreedman@ftllp.com
         SStiglitz@ftllp.com

Attorneys for Plaintiff
Penske Media Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: CV 11-7560-VBF (MRWx)<br>Assigned to: Hon. Josephine Staton Tucker<br>Magistrate: Hon. Michael R. Wilner<br><br>**DISCOVERY MATTER: PLAINTIFF PENSKE MEDIA CORPERATION'S SECOND SUPPLEMENTAL MEMORANDUM FILED WITH LEAVE OF THE MAGISTRATE IN SUPPORT OF JOINT STIPULATION RE: MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY PROPOUNDED TO DEFENDANT PROMETHEUS GLOBAL MEDIA, LLC**<br><br>Action filed:  September 14, 2011<br>Discovery Cut-off:  November 9, 2012<br>Pre-trial Conference  Date: June 28, 2013<br><br>Trial Date:         July 9, 2013<br>Hearing Date:       January 17, 2012<br>Hearing Time:       9:30 a.m.<br>Hearing Location: Courtroom H (9th Fl.) |

0

PENSKE'S SECOND SUPPLEMENTAL MEMORANDUM RE: MOTION TO COMPEL FURTHER RESPONSES

**SECOND SUPPLEMENTAL MEMORANDUM**

Pursuant to Local Rule 37-2.3 and the December 5, 2012 order of the Magistrate,[1] Plaintiff Penske Media Corporation ("Penske") submits the following supplemental memorandum in support of its Motion to Compel Further Responses to Written Discovery Propounded to Prometheus Global Media, LLC ("Prometheus") filed on November 28, 2012 (the "Motion").[2]

## I. PROMETHEUS FAILED TO PROVIDE ANY EVIDENCE OF THE ALLEGED BURDEN JUSTIFYING ITS REFUSAL TO RESPOND TO SPECIAL INTERROGATORY NOS. 6, 13, AND 15[3]

"A party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied." See Thomas v. Cate, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) (granting motion to compel, in relevant part, on grounds responding party failed to provide evidence regarding extent of alleged burden). Further, "[i]n making a decision regarding burdensomeness, a court must balance the burden on the interrogated party against the benefit to the discovering party of having the information [and] . . . [d]iscovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." Id.

In opposition to the Motion, Prometheus cites the Wright & Miller treatise, Vol. 8A, Section 2174, and Halder v. Intern. Tel. & Tel. Co., 75 F.R.D. 657, 658 (E.D.N.Y. 1977), for the proposition that interrogatories are a disfavored method of discovery for

---

[1] Penske and Prometheus filed separate supplemental memoranda regarding the timeliness of the Motion, on December 4, 2012 and December 5, 2012, respectively. At a telephonic hearing on December 5, 2012, the Magistrate gave each party leave to file an additional supplemental memorandum, in compliance with the requirements of Local Rule 37-2.3, regarding the substance of the discovery disputes at issue.

[2] This memorandum addresses only the arguments from Prometheus that require further discussion, and Penske's decision not to present further argument as to the remaining issues in no way suggests that Penske is conceding those issues.

[3] These interrogatories correspond to Issue Nos. 1 and 4 in the Motion.

PENSKE'S SECOND SUPPLEMENTAL MEMORANDUM RE: MOTION TO COMPEL FURTHER RESPONSES

the type of information sought here.  That is not an accurate representation.  To the contrary, like <u>Thomas</u>, both Wright & Miller and <u>Halder</u> prescribe that courts should weigh the probative value of the discovery against any evidence of hardship to the responding party.  For example, in <u>Halder</u>, the responding party had provided documents containing all of the same information requested by means of interrogatory, which was the primary reason that the court there found an interrogatory to be improper.  The <u>Halder</u> court was not comparing the merits of interrogatories with the merits of other forms of discovery generally, but rather, was commenting on the merits of redundant discovery.

### A.   Special Interrogatory No. 6

Penske's Special Interrogatory No. 6 seeks a description of Prometheus' review of the source code that it used to create the carousel module on the website for The Hollywood Reporter, upon receipt of the source code from the independent contractor who supposedly provided it.  Prometheus concedes that information is probative of Prometheus' contention that Prometheus knew that its outside contractor was copying Penske's source code.  Despite the conceded probative value of the interrogatory, Prometheus responded evasively by stating that one or more of its employees inspected the code, without naming the employees, describing the nature of the inspection or providing any other details.  The Court should compel a further response because Prometheus failed to meet its burden to show that it will suffer undue burden that outweighs the probative value of discovery regarding its inspection of the source code.

### B.   Special Interrogatory Nos. 13 and 15

Penske's Special Interrogatory Nos. 13 and 15 ask Prometheus to identify its communications with the outside contractor.  Again, Prometheus concedes that the information sought is probative.  Nevertheless, Prometheus refused to provide any response on the grounds that it would suffer undue burden if the Court required Prometheus to provide a further response to the interrogatory, as opposed to providing similar information in the context of the depositions.

Here, Halder is inapposite because: (1) Prometheus has provided no documents on the issue of its inspection of the source code, meaning that the interrogatories are not redundant; (2) Prometheus has not provided evidence of any substantial burden in providing a description of the nature of the inspection it conducted of the relevant source code;[4] and (3) the depositions that Prometheus now proposes as an alternative to the interrogatories would have been hugely burdensome in that the witnesses are located 3,000 miles from the venue of this lawsuit. Therefore, Prometheus failed to meet its burden to show that it will suffer undue burden that outweighs the probative value of discovery regarding Prometheus' communication with the independent contractor, and the Court should compel a further response.

## II. PROMETHEUS USES AN ARTIFICIAL TIME LIMITATION TO JUSTIFY ITS EVASIVE AND INADEQUATE ANSWER TO SPECIAL INTERROGATORY NOS. 10-12[5]

Penske's Special Interrogatory Nos. 10-12 seek information regarding Prometheus' budgeted and actual costs for the redevelopment of the website for The Hollywood Reporter. These interrogatories defined the redevelopment of the website broadly to include work that took place throughout 2010 and 2011.

Prometheus' opposition essentially concedes the relevance of the budget regarding the project relating to the copied source code. Rather than argue the relevance of the budget, Prometheus avoided providing any response by artificially excluding most of the

---

[4] Prometheus' portion of this joint stipulation actually proved that it would not be burdensome to explain the nature of Prometheus' examination of any source code provided by its independent contractor. Specifically, Prometheus attached a declaration of one of its employees to describe the nature of the project that resulted in Prometheus copying Penske's source code. Given that a Prometheus was able to describe the nature of the entire project that the independent contractor performed in a few paragraphs, surely Prometheus could provide a few more paragraphs to explain the nature of his examination of that independent contractor's work.

[5] These interrogatories correspond to Issue Nos. 2 and 3 in the Motion.

time period during which Prometheus was revising the website for The Hollywood Reporter. Even though, for example, Special Interrogatory No. 11 seeks information regarding the budget in 2010 or 2011, Prometheus artificially limits the interrogatory to the time period ending in October 2010. To support this artificial limit, Prometheus filed the Shah Declaration. Mr. Shah admits that Prometheus' outside contractor continued working on the website for The Hollywood Reporter until September 2011, but without any logical basis, states that the project to redevelop the website ended a year earlier. The Court should compel a response regarding the entire project, rather than allow Prometheus to evade the discovery by artificially distinguishing the scope of the independent contractor's work on the website from the "redevelopment" of the website.

### III. PROMETHEUS ASSERTS INSUFFICIENT AND CONTRADICTORY EXCUSES TO JUSTIFY ITS REFUSAL TO PROVIDE KEY DISCOVERY ON DISGORGEABLE PROFITS[6]

Prometheus asserts two contradictory excuses for refusing to respond to Requests for Production Nos. 56-59, which seek information regarding the revenue that Prometheus earned as a result of its copyright infringement. On the one hand, Prometheus contends that the discovery is too broad in that it seeks data for the entire website for the Hollywood Reporter instead of seeking revenue directly earned from the portion of the website that Prometheus copied from Penske. On the other hand, Prometheus contends that, if Penske were to have asked only for data relating to the website homepage (which Prometheus admits was largely copied), then Prometheus could not provide such narrowly tailored data because such data is not regularly maintained. That two-pronged argument is quite convenient for Prometheus in that supposedly excuses Prometheus from providing any discovery at all regarding the profits that it earned due to its copyright infringement, but the argument lacks merit under the

---

[6] These interrogatories correspond to Issue Nos. 2 and 3 in the Motion.

4

1  Cockburn, Rockwell Software, and Excelligence Learning cases cited in the Motion.

2    First, Penske's requests were narrowly tailored in terms of time to avoid the objection that the request is burdensome or that Penske is seeking financial data for competitive reasons. Specifically, the requests sought only three weeks of financial data during the time that Prometheus was using the copied source code.

    Second, Prometheus concedes that Penske actually requested the only relevant data that Prometheus regularly keeps. Specifically, Prometheus concedes that it has revenue and cost data for the website that featured a key module that Prometheus copied from Penske. That data is probative because Penske's designated damages expert, Craig Perrault, can testify regarding the degree to which the copied module likely improved the overall financial results for Prometheus' website. Prometheus asserts the straw man argument that Penske would be able to more accurately estimate the value of the copied carousel module using the revenue data for just the homepage of the website for The Hollywood Reporter. However, Prometheus' hypothetical data does not exist, making moot the suggestion that such data would be useful if it existed. Rather than hypothecate about non-existent data, Mr. Perrault will use the data that does exist to estimate the portion of Prometheus' revenue that was wrongfully obtained. Thus, the Court should compel further responses to Requests for Production Nos. 56-59.

## IV. CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, the Court should grant Penske's motion to compel in all respects.

Dated: January 9, 2013                FREEDMAN & TAITELMAN, LLP

                                      By:    /s/
                                          Bryan J. Freedman
                                          Steven B. Stiglitz
                                          *Attorneys for Plaintiff*
                                          *Penske Media Corporation*