EVE H. WAGNER (State Bar No. 126471)
ANTHONY D. SBARDELLATI (State Bar No. 246431)
SAUER & WAGNER LLP
1801 Century Park East, Suite 1150
Los Angeles, California 90067
Tel: (310) 712-8100; Fax: (310) 712-8108
E-mail: ewagner@swattys.com; asbardellati@swattys.com

JEREMY FEIGELSON (of counsel)
(Pro Hac Vice Application Pending)
BRUCE P. KELLER (of counsel)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000; Fax: (212) 909-6836
Email: jfeigelson@debevoise.com; bpkeller@debevoise.com

Attorneys for Defendant Prometheus Global Media, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 11-7560-JST (MRW)<br><br>Hon. Josephine Staton Tucker<br>Magistrate: Hon. Michael R. Wilner<br><br>**DISCOVERY MATTER: SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF PENSKE MEDIA CORPORATION**<br><br>Action filed:       September 14, 2011<br>Discovery Cut-off: November 9, 2012<br><br>Trial Date:         July 9, 2013<br>Hearing Date:    January 17, 2013<br>Hearing Time:   9:30 A.M.<br>Hearing Location: Courtroom H |

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL

Prometheus Global Media LLC ("Prometheus") hereby submits its supplemental brief in support of its motion to compel discovery responses from Plaintiff Penske Media Corporation ("Penske"), and in opposition to Penske's motion to compel.

## I. Prometheus's Motion to Compel

### A. *Identification and Information Regarding the Allegedly Copied Code*

Penske has now agreed to produce the requested documents regarding the computer code that is the subject of its copyright infringement claim. Defendant Prometheus Global Media, LLC's Notice of Motion and Joint Stipulation ("Prometheus's Motion"), at 17. The agreement is subject to entry of a protective order. For the avoidance of doubt and to confirm Penske's obligation, Prometheus requests that the Court (a) enter an order obligating Penske to produce the documents requested in Prometheus's requests for production Nos. 1-3 and (b) enter the proposed protective order filed herewith by Prometheus.

The Court should compel Penske to answer Prometheus's Interrogatories Nos. 1 and 2, as to which Penske continues to object on the meritless basis that the interrogatories ask for expert testimony. The interrogatories address the issue of why and how Penske opted to modify its own computer code seven times. By definition, those are facts in Penske's own possession and not something for which Penske must turn to an expert. The nature and reasons for the modifications are potentially highly material to the case, in particular to whether Penske has a valid copyright and, if it does, whether it has any claim for statutory damages under the Copyright Act. Prometheus is entitled to know why and how the code was modified.

With respect to Prometheus's Interrogatory No. 1, the Court also should compel Penske to provide an answer as to how the first version of its code differs from the open source code on which it is based. Penske's claim that its "intent" is

irrelevant is meritless as a justification for refusing to answer.  Penske's copyright registration states that Penske is not claiming copyright protection over portions of the submitted code.  It is fundamental in a copyright infringement action that a defendant is entitled to know what plaintiff does and does not claim copyright protection for.  Penske should be compelled to state exactly which parts of its own registered work it claims are original and which parts it concedes are open source.

### B. *Production of Documents Relevant to Penske's Alleged Damages*

With respect to Issue #2 in Prometheus's Notice of Motion, relating to Prometheus's request for documents relevant to Penske's damages, Penske no longer disputes that Prometheus's request was entirely proper and has now agreed to produce documents pursuant to a protective order.  *See* Prometheus's Notice of Motion, at 20-21.  For the avoidance of doubt and to confirm Penske's obligation, the court should enter an order compelling Penske's production of documents in response to Prometheus's RFP No. 4, in addition to entering the aforementioned protective order.

## II. Penske's Motion to Compel

With respect to Penske's motion, the only issue in need of supplemental briefing is "Issue #6, Gross Revenues and Expenses from Website and homepage, for three weeks that carousel was up (requests for Production 56-59)."  *See* Plaintiff Penske Media Corporation's Notice of Motion and Joint Stipulation ("Penske's Notice of Motion"), at 28.  The Court should deny Penske's motion and order that these documents need not be produced, because they are unrelated to any conceivable recovery of damages available to Penske. *See Ocean Atlantic Woodland Corp. v. D.R.H. Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003) (denying request for revenue statements in copyright case and finding that the defendant's profits were limited to its saved acquisition costs which could be derived from expert testimony).

///

1  Penske's document requests go far beyond what could be relevant under any
2  legally cognizable theory of actual damages pursuant to copyright law: *Id.* at 927-
3  28 (noting possible theories of damage as being that (1) as a result of the
4  infringement, plaintiff lost profits from the copyrighted work, *i.e.*, the market value
5  of the work decreased; (2) but for the infringement, plaintiff might have been able
6  to sell or license the work to defendant; and (3) as a result of the infringement,
7  defendant earned profits that were not duplicative of plaintiff's lost profits); *see*
8  *also 4-14 Nimmer on Copyright § 14.02* (outlining cognizable theories of actual
9  damages as (1) injury to market value of copyrighted work and (2) imputed license
10  fee, including (3) the value of use to the infringer).

11  The revenues or profits associated with THR's entire website and homepage
12  do not conceivably fit within any of these legal theories.  It is worth restating what
13  happened here: Penske's TVLine website had a standard Internet feature that
14  caused images to rotate through a display window; for all of three weeks,
15  Prometheus's THR had the same standard feature, using copied code rather than
16  original code.  Any linkage whatsoever between the use of the code and any
17  revenues, profits or losses on either side of this dispute is far-fetched.  Certainly
18  there can be no basis for Penske's sweeping request for revenue data associated
19  with the THR website or homepage as a whole.

20  As stated in Prometheus's prior response on this point (*see* Penske's Notice
21  of Motion, at 33), Penske is a competitor trying to use this case as a pretext for
22  digging into the economics of Prometheus's business.  That business reality further
23  supports denial of Penske's motion.
24  ///
25  ///
26  ///
27  ///
28  ///

3

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL

### III. CONCLUSION

For the foregoing reasons and those enumerated in the prior submissions, Prometheus respectfully requests that the Court grant its Motion to Compel and deny Penske's Motion to Compel.

Dated: January 9, 2013              **SAUER & WAGNER LLP**


By: */s/ Eve H. Wagner*

Attorneys for Defendant

PROMETHEUS GLOBAL MEDIA, LLC

4

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL