# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 11-7560-JST (MRW)<br><br>Hon. Josephine Staton Tucker<br><br>**PROTECTIVE ORDER**<br><br>Action filed: September 14, 2011<br>Trial Date:   July 9, 2013 |

In accordance with Federal Rule of Civil Procedure 26(c), it is so ordered that:

1. Any party producing documents, answers to interrogatories, responses to requests for admissions, testimony or other information in this litigation may designate such documents or information, or any part thereof, as "Confidential Material." Confidential Material includes those files, documents, computerized information, testimony or other information furnished by a party in the course of pretrial discovery in this action, including the contents and subject matter of such documents or information, which counsel believes in good faith is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2. Confidential Material may not be disclosed by the receiving party to any person other than:

    (a) outside counsel of record in this litigation, and their partners, counsel, associates or employees to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

    (b) any party to this litigation (or its officers, directors, in-house counsel and employees), but only to the extent that such disclosure is reasonably

1  deemed necessary by such party's counsel for the conduct of this litigation, and
2  provided that such persons may retain Confidential Material only as long as
3  necessary for the conduct of this litigation;
4            (c)   independent experts and consultants retained by or associated
5  with any party or its counsel to assist in the conduct of this litigation, but only to
6  the extent that such disclosure is reasonably deemed necessary by such counsel for
7  that purpose, provided that such persons may retain Confidential Material only as
8  long as is necessary for them to render such assistance;
9            (d)   a party or non-party witness and counsel for such witness in the
10 course of his or her examination at deposition in this action, to the extent deemed
11 necessary by counsel for a named party;
12           (e)   persons who have prepared or assisted in the preparation of the
13 Confidential Material or to whom the Confidential Material or copies thereof were
14 addressed, delivered, or relate, but only to the extent that such disclosure is
15 necessary for the conduct of this litigation, and provided that such persons may not
16 retain any Confidential Material;
17           (f)   the Court in this action, and Court personnel, including,
18 stenographic reporters and/or certified videotape operators engaged in pretrial
19 discovery, but provided that such persons may retain Confidential Material only as
20 long as is necessary for such engagement;
21           (g)   third-party vendors retained by or associated with any party or
22 its counsel in order to assist in the conduct of this litigation, but only to the extent
23 that such disclosure is reasonably deemed necessary by such counsel for that
24 purpose and provided that such persons may retain Confidential Material only as
25 long as is necessary for them to render such assistance; and/or
26           (h)   any other person to whom the parties agree in writing, or as
27 directed by Order of Court.
28

3. Before disclosing Confidential Material to any persons identified in Paragraph 2 above (other than the producing party and its officers, directors, in-house counsel, employees, experts, and the Court and Court personnel), counsel contemplating disclosure shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain each such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Material, or received certification of its destruction, from the recipient pursuant to Paragraph 13 below.

4. Any party producing files, documents, computerized information, testimony or other information in the course of pretrial discovery in this action that counsel believes in good faith constitute or reveal confidential information of such a commercially or competitively sensitive nature that disclosure to persons other than those specified in Paragraph 5 below would reasonably be expected to result in injury to the designating party, may designate such documents or information, or any part thereof, as "Attorneys' Eyes Only—Highly Confidential Material."  For purposes of illustration only, and without limitation, the Parties anticipate that the categories of documents or information that might merit designation as Attorneys' Eyes Only—Highly Confidential Material include, but are not limited to, competitively sensitive financial information and competitively sensitive information about sources of news stories.

5. Attorneys' Eyes Only—Highly Confidential Material shall be treated as Confidential Material under this Order in all respects *except that Attorneys'*

3

PROTECTIVE ORDER

*Eyes Only—Highly Confidential Material and the contents and subject matter thereof shall not be revealed, disclosed or communicated in any way to anyone except the following persons*:

  (a) outside counsel of record in this litigation, and their partners, counsel, associates or employees to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

  (b) independent experts and consultants retained by or associated with any party or its counsel to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose and provided that such persons may retain Attorneys' Eyes Only—Highly Confidential Material only as long as is necessary for them to render such assistance;

  (c) an officer, director, employee, or proposed expert witness of the party that produced the Attorneys' Eyes Only—Highly Confidential Material in the course of his or her examination at deposition in this action, and counsel for such witness, to the extent deemed necessary by counsel for a named party in order to examine such witness;

  (d) persons who have prepared or assisted in the preparation of the Attorneys' Eyes Only—Highly Confidential Material or to whom the Attorneys' Eyes Only—Highly Confidential Material or copies thereof were delivered, but only the extent that such disclosure is necessary for the conduct of this litigation, and provided further that such persons may not retain any Attorneys' Eyes Only—Highly Confidential Material;

  (e) the Court in this action and Court personnel, including stenographic reporters and/or certified videotape operators engaged in pretrial discovery, but provided that such persons may retain Attorneys' Eyes Only—Highly Confidential Material only as long as is necessary for such engagement;

      (f)    third-party vendors retained by or associated with any party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose and provided that such persons may retain Attorneys' Eyes Only—Highly Confidential Material only as long as is necessary for them to render assistance;

      (g)    any other person to whom the parties agree in writing, or as directed by Order of Court.

*In no event shall Attorneys' Eyes Only—Highly Confidential Material, or its contents or subject matter, that has been disclosed by one party, be shown or communicated in any way to the other party to this action (or its officers, directors, employee or any other agents), with the exception of those persons identified in Paragraphs 5(a) through 5(g) above.*

    6.    Before disclosing Attorneys' Eyes Only—Highly Confidential Material to any persons identified in Paragraph 5 above (other than the producing party and its officers, directors, in-house counsel, employees, experts, and the Court and Court personnel), counsel contemplating disclosure shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain each such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Attorneys' Eyes Only—Highly Confidential Material, or received certification of its destruction from the recipient pursuant to Paragraph 13 below.

7. The producing party shall mark any documents and/or information designated in good faith as Confidential Material or Attorneys' Eyes Only—Highly Confidential Material by means of the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY—HIGHLY CONFIDENTIAL" on each page or section of a page so designated, or shall otherwise so designate sections of deposition transcripts or answers to interrogatories that contain such Confidential Material or Attorneys' Eyes Only—Highly Confidential Material by means of a statement on the record at the time of deposition testimony or by written notice to the other party within thirty (30) days of receipt of the transcript of the testimony. For information produced in its native file format, the designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY—HIGHLY CONFIDENTIAL" shall appear in a database field entitled "TREATMENT" that shall be related to each document. Additionally, each hard drive, disk or other physical item containing native files shall be marked to indicate that it contains Confidential Material or Attorneys' Eyes Only—Highly Confidential Material.

8. If any Confidential Material or Attorneys' Eyes Only—Highly Confidential Material is provided inadvertently to a discovering party without being marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY—HIGHLY CONFIDENTIAL" in accordance with the terms of this Order, the failure to so mark the document and/or information shall not be deemed a waiver of the right to assert its confidentiality. A party may designate the documents and/or information as Confidential Material or Attorneys' Eyes Only—Highly Confidential Material at a later date, at which time the provisions of this Order shall apply to such documents and/or information. If a document is designated Confidential Material or Attorneys' Eyes Only—Highly Confidential Material and one or more copies of the documents or the original is also produced but not so designated, the copies or

original shall also be treated as Confidential Material or Attorneys' Eyes Only—Highly Confidential Material if the recipient is actually aware of such fact.

9. If any party objects to the designation of any documents and/or information as Confidential Material or Attorneys' Eyes Only—Highly Confidential Material, and if the parties are unable to resolve such dispute informally, the party objecting to the designation may submit the dispute to the Court for resolution. Pending resolution of such dispute by the Court, the documents and/or information shall retain their designation as Confidential Material or Attorneys' Eyes Only—Highly Confidential Material. A party shall be obligated to challenge the appropriateness of the designation of documents or materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY—HIGHLY CONFIDENTIAL" within thirty (30) days of said party's receipt of such documents as so designated, or in the case of a deposition, within thirty (30) days of the date that the party receives notification that some portion of the transcript or the exhibits are to remain confidential, and in all cases, not more than sixty (60) days from the date of the deposition during which the documents were first used as exhibits, and failure to do so shall preclude any subsequent challenge to such designations. By agreeing to mechanisms for the designation of materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY—HIGHLY CONFIDENTIAL," the parties are not agreeing that any particular use of the designation is appropriate, but are reserving all rights to challenge particular designations pursuant to this paragraph.

10. All documents and information received in pre-trial discovery in this action, including but not limited to Confidential Material or Attorneys' Eyes Only—Highly Confidential Material, and all other material, whether or not ultimately made part of the public record, shall be used by the receiving party

1  solely for purposes of the above-captioned litigation, including any appeals, and
2  for no other business, litigation or other purpose whatsoever.
3      11.   The production of Confidential Material and/or Attorneys' Eyes
4  Only—Highly Confidential Material pursuant to this Order is not intended to
5  constitute a waiver of any privilege or right to claim the trade secret or confidential
6  status of the documents, materials, or information produced.
7      12.   Any party may introduce relevant and admissible Confidential
8  Material or Attorneys' Eyes Only—Highly Confidential Material in court filings,
9  at trial or at a hearing before the Court in this action provided that the party that
10 produced the Confidential Material or Attorneys' Eyes Only—Highly Confidential
11 Material is given reasonable notice and an opportunity to seek relief from the
12 Court.  Upon a finding that the parties have commercially and/or competitively
13 sensitive information at issue, or other good cause for filing under seal any
14 Confidential Material or Attorneys' Eyes Only—Highly Confidential Material
15 included, reflected, discussed or described in any papers filed with the Court or
16 otherwise disclosed to the Court, such filings and/or other papers shall be labeled,
17 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS'
18 EYES ONLY—HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE
19 ORDER" and shall be filed or otherwise submitted in a sealed envelope, together
20 with a copy of the motion requesting that the material be sealed and not disclosed
21 unless ordered by the Court.  Where possible, only confidential portions of filings
22 with the Court shall be filed under seal.  Absent specific leave from the Court,
23 filings made under seal also should be filed in redacted form for public access.
24     13.   Except as may be otherwise agreed by the parties, not later than sixty
25 (60) days after the conclusion of this litigation, including all appeals, the receiving
26 party shall either destroy the Confidential Material or Attorneys' Eyes Only—
27 Highly Confidential Material, or return the Confidential Material or Attorneys'
28

Eyes Only—Highly Confidential Material to the producing party, except for Confidential Material or Attorneys' Eyes Only—Highly Confidential Material that has been incorporated into work product, and shall so certify in writing to the producing party.

14. This Order shall be without prejudice to the right of any party to object to any discovery request on any grounds.

15. In the event that a party inadvertently produces material that is protected by the attorney-client privilege, work product doctrine or any other privilege, within ten (10) business days after the producing party actually discovers that such production was made, the producing party may make a written request that the other party or parties return the inadvertently produced privilege document along with any copies made thereof. The party or parties who received the inadvertently produced document will either return the document to the producing party or destroy the document immediately upon receipt of the written request, as directed by the producing party. By returning or destroying the document, the receiving party is not conceding that the document is privileged and is not waiving its right to later challenge the substantive privilege claim, provided that it may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

16. Pursuant to Federal Rule of Evidence 502, disclosure of material in connection with this litigation shall not effect a waiver of the attorney-client privilege or work product protection in this litigation, nor in any other proceedings.

17. The restrictions set forth in the preceding paragraphs shall not apply to Confidential Material or Attorneys' Eyes Only—Highly Confidential Material that:

(a) is or becomes disclosed to the public other than through violation of this Stipulation and Protective Order, provided, however, that

Confidential Material or Attorneys' Eyes Only—Highly Confidential Material shall not lose that status by reason of its use or disclosure in any proceeding in this litigation;

    (b)    is acquired by the non-producing party from a third party lawfully possessing such Confidential Material or Attorneys' Eyes Only—Highly Confidential Material and having the legal right to redistribute it; or

    (c)    was lawfully possessed by the non-producing party before discovery in this action.

18. Any third party producing its own documents pursuant to requests by a party in this litigation may invoke the protections of this Order in connection with such production. Further, within fifteen (15) days of any third party production of documents in connection with this action, each of the parties to this action shall be able to designate any of those documents as "Confidential Material" or "Attorneys' Eyes Only—Highly Confidential Material" pursuant hereto, based on its own (and not the third party's) interest in preserving the confidentiality of the documents so designated. During the fifteen (15) day period after any third party production of documents in connection with this action, all such documents shall be treated as "Attorneys' Eyes Only—Highly Confidential Material" pursuant to this Order, pending the parties' designation of such documents consistent with this paragraph.

19. Nothing in this Stipulation and Protective Order shall:

    (a)    prevent or restrict any person from using or disclosing in any way documents it has produced or disclosed in the course of discovery proceedings herein;

    (b)    prevent or restrict any person from seeking additional protection with respect to the disclosure of particular documents;

       (c)      prevent or restrict any person from seeking relief from this Stipulation and Protective Order for good cause shown; or

       (d)      prohibit a party from producing Confidential Material or Attorneys' Eyes Only—Highly Confidential Material in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Material or Attorneys' Eyes Only—Highly Confidential Material; provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Material or Attorneys' Eyes Only—Highly Confidential Material, that party shall give prompt written notice to counsel for the producing party, identifying the Confidential Material or Attorneys' Eyes Only—Highly Confidential Material at issue, and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process in order that the producing party may protect its interest in said Confidential Material or Attorneys' Eyes Only—Highly Confidential Material.  When possible, at least ten (10) days' written notice before production or other disclosure shall be given and, in all circumstances, reasonable efforts shall be made to provide written notice prior to production or disclosure.

SO ORDERED:

_____

# CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge and agree that:

1. I have read the Protective Order (the "Order") entered in the civil action captioned *Penske Media Corporation v. Prometheus Global Media LLC*, Civil Action No. 11-7560-JST (MRW), in the United States District Court for the Central District of California.

2. I understand the terms of the Order.

3. I hereby agree to be bound by the terms of the Order and understand that a violation thereof may subject me to contempt proceedings and to legal and equitable remedies, including damages.

4. I understand and agree that money damages would not be a sufficient remedy for breach of this Undertaking and that a party asserting a confidentiality interest hereunder shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Confidentiality Agreement but shall be in addition to all remedies available at law or equity.

5. I hereby irrevocably submit to the jurisdiction of the United States District Court for the Central District of California, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

Dated: _____

_____
Print Name

_____
Signature

_____
Title

_____
Company