BRYAN J. FREEDMAN (State Bar No. 151990)
STEVEN B. STIGLITZ (State Bar No. 222667)
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
E-mail: BFreedman@ftllp.com; SStiglitz@ftllp.com

Attorneys for Plaintiff Penske Media Corporation

EVE H. WAGNER (State Bar No. 126471)
ANTHONY D. SBARDELLATI (State Bar No. 246431)
SAUER & WAGNER LLP
1801 Century Park East, Suite 1150
Los Angeles, California 90067
Tel: (310) 712-8100; Fax: (310) 712-8108
E-mail: ewagner@swattys.com; asbardellati@swattys.com

JEREMY FEIGELSON (*of counsel*)
BRUCE P. KELLER (*of counsel*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-600; Fax: (212) 521-7230
Email: jfeigelson@debevoise.com; bpkeller@debevoise.com

Attorneys for Defendant Prometheus Global Media, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, dba PMC, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROMETHEUS GLOBAL MEDIA, LLC, a Delaware limited liability company d/b/a hollywoodreporter.com; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV11-7560-FMO (MRW) <br><br> Hon. Fernando M. Olguin <br><br> **STIPULATION AND ORDER OF DISMISSAL** |

1

WHEREAS, Plaintiff Penske Media Corporation, the parent entity of TVLine ("Penske") commenced this litigation on September 14, 2011 by filing a complaint asserting a claim of copyright infringement against Defendant Prometheus Global Media, LLC, the parent entity of The Hollywood Reporter ("Prometheus," and together with Penske the "Parties," or each individually, a "Party") (the "Complaint"); and

WHEREAS Prometheus answered Penske's Complaint on December 16, 2011, denying liability and asserting that a good-faith error by an independent contractor was the cause of the copying alleged in the Complaint; and

WHEREAS both Parties wish to resolve this litigation without any further proceedings and without any determination of liability;

NOW THEREFORE, it is stipulated and agreed, as of March 11, 2013 (the "Effective Date"), as follows:

1.  Within ten business days of the filing of this so-ordered Stipulation by the Clerk of Court, Prometheus shall pay to Penske by wire the amount of one hundred sixty-two thousand and five hundred dollars ($162,500.00), such amount reflecting the exclusive payment in full settlement of this matter, and such payment to be made according to wire instructions to be provided by Penske.

2.  The Parties agree that Penske may issue the following text as a statement on behalf of both Parties:

1   "Prometheus admits that the Hollywood Reporter copied source code from
2   Penske Media Corporation's website www.TVLine.com; Prometheus and the
3   Hollywood Reporter have apologized to Penske Media and pursuant to this
4   Stipulation have compensated Penske Media as a result; and both companies are
5   pleased that this matter has now been resolved."

3.

a.  Releases

i.  <u>General Releases.</u>  Except as otherwise expressly provided for in paragraph 3(b) below, upon the completion of the payment provided in Section 1 herein, each of Penske and Prometheus hereby releases and discharges the other Party from any and all claims, damages and causes of action whatsoever, whether or not such claims are presently known or unknown, by reason of any matter, cause or thing whatsoever, from the beginning of the world through the Effective Date.

ii.  <u>Limited Releases.</u>  Except as otherwise expressly provided for in paragraph 3(b) below, upon the completion of the payment provided in Section 1 herein, each of Penske and Prometheus hereby releases and discharges the other's current and former parents, affiliates and subsidiaries, as well as the officers, employees, owners, shareholders, directors, partners, members, principals, representatives, agents, contractors and attorneys of the other Party and of its current and former parents, affiliates and subsidiaries, from any and all claims, damages and causes of action to the extent such claims arise in any way from the

3

allegations of the Complaint, whether or not such claims are presently known or unknown, by reason of any matter, cause or thing whatsoever, from the beginning of the world through the Effective Date. For the avoidance of doubt, the beneficiaries of the release from Penske pursuant to this subparagraph in addition to Prometheus include, but are not limited to, The Hollywood Reporter LLC, Guggenheim Partners LLC, Pluribus Capital Management LLC, Nihaki Systems Inc. and Mr. Irfan Ali.

  b. Notwithstanding anything to the contrary in this Stipulation, all claims with respect to any hiring by one Party, or any of its parents, affiliates or subsidiaries, of a person currently under a fixed-term contract to perform services for the other Party or any of its parents, affiliates or subsidiaries, where the hiring is consummated after the Effective Date are preserved and not released.

  c. Each Party further acknowledges, agrees, represents and warrants that (a) no claim subject to the releases herein has been assigned or transferred, and that (b) that Party shall not now or at any time in the future file or pursue in any court, administrative proceeding or other tribunal, against any person or entity, any of the claims released pursuant to this Stipulation.

  d. The releases herein shall not extend to any claims that the Parties or their respective Associated Entities or each of their respective

Associated Persons may later raise concerning any breach of this Agreement or the enforcement of this Agreement.

4. The Parties acknowledge that there is a risk that subsequent to the execution of this Stipulation, they may incur or suffer losses, damages or injuries which are encompassed within the claims released herein, but which are unknown or unanticipated at the time this Stipulation is signed. The Parties hereby assume this risk and agree that the release in Section 3.a. of this Stipulation shall apply to all unknown and unanticipated claims as well as those known and anticipated. As to all releases of unknown claims in Section 3.a. herein, the Parties hereby specifically waive the benefits of California Civil Code Section 1542 or any other similar state or federal statute. Section 1542 has been fully explained to the Parties and provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

5. Each Party acknowledges, agrees, represents and warrants that with respect to the agreement reflected in this Stipulation, (a) the agreement is a compromise of disputed claims; (b) the agreement reflects their entire agreement with respect to this matter, and that no promises, statements or inducements have been made by either Party to the other apart from those expressly stated in this Agreement; specifically, the Parties acknowledge that no other party nor any agent

or attorney of any party has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the settlement to induce them to execute this instrument, and further acknowledge that they have not executed this instrument in reliance on any promise, representation or warranty not contained herein; (c) each Party has full capacity to enter into the agreement and does so after receiving advice of counsel; (d) each Party shall be responsible for the payment of its own costs, attorneys' fees and all other expenses in connection with this agreement; (e) the agreement shall be binding upon the Parties and their respective successors and assigns; (f) the agreement may not be altered, amended, waived, supplemented or modified except by an instrument in writing executed by both Parties or their successors or assigns; and (g) given that both Parties have participated in the drafting of this Stipulation with the assistance of counsel, the Parties waive the benefit of California Civil Code Section 1654 and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

/

/

/

/

6. This case is dismissed with prejudice and without any award of attorneys' fees or of costs. Upon the Court's endorsement below, the Clerk of Court is directed to close the case.

SO ORDERED:

_____

DATED: March __, 2013         PENSKE MEDIA CORPORATION

                              By: /s/ Bryan J. Freedman
                                  Freedman & Taitelman, LLP
                                  Attorneys for Plaintiff

                              By: _____
                                  Jay Penske, Chief Executive Officer

DATED: March __, 2013

                              PROMETHEUS GLOBAL MEDIA, LLC

                              By: /s/ Eve H. Wagner
                                  Sauer & Wagner LLP
                                  Attorneys for Defendant

                              By: _____

6. This case is dismissed with prejudice and without any award of attorneys' fees or of costs. Upon the Court's endorsement below, the Clerk of Court is directed to close the case.

SO ORDERED:

_____

DATED: March __, 2013

PENSKE MEDIA CORPORATION

By: /s/ Bryan J. Freedman
    Freedman & Taitelman, LLP
    Attorneys for Plaintiff

By: _____
    Jay Penske, Chief Executive Officer

DATED: March __, 2013

PROMETHEUS GLOBAL MEDIA, LLC

By: /s/ Eve H. Wagner
    Sauer & Wagner LLP
    Attorneys for Defendant

By: _[signature]_
    Jeff Wilbur, CFO

1  I hereby attest that the concurrence in the filing of this document has been obtained for all signatures indicated by a "conformed" signature (/s/) within this e-filed
2  document.

3

4  DATED: March __, 2013                    SAUER & WAGNER, LLP

5
                                            By: /s/ Eve H. Wagner
6                                                Attorneys for Defendant
                                            PROMETHEUS GLOBAL MEDIA, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28